IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN BEVERLY DUBIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BAC HOME LOANS SERVICING,<br><br>    Defendant.<br>_____/ | No. C-10-05065 EDL<br><br>**ORDER GRANTING WITHOUT LEAVE TO AMEND DEFENDANT'S MOTION TO DISMISS** |

On September 22, 2010, Plaintiff Eileen Dubin filed a complaint in the Marin County Superior Court against Defendants BAC Home Loans Servicing and Bank of America, alleging claims for violations of the California Civil Code, violation of the Truth in Lending Act and Regulation Z, unfair business practices, breach of contract, breach of the implied covenant of good faith and fair dealing, and quiet title. Defendants removed this matter on November 9, 2010.

On November 16, 2010, Defendants filed a motion to dismiss. Although Plaintiff did not file an opposition to the motion to dismiss, she appeared at the January 5, 2011 hearing and sought additional time to oppose the motion. The Court granted Plaintiff's request for additional time, and Plaintiff filed her opposition on February 3, 2011. Defendant filed a reply on February 11, 2011. Following a hearing on February 22, 2011 at which Plaintiff appeared and sought leave to amend her complaint, the Court granted Defendants' motion to dismiss with leave to amend on March 1, 2011. That Order is incorporated here by reference. Plaintiff timely filed an amended complaint on March 22, 2011.

On April 9, 2011, Defendants filed a motion to dismiss the amended complaint. Plaintiff did not file an opposition to the motion to dismiss. On May 17, 2011, the Court held a hearing on Defendants' motion to dismiss. Plaintiff did not appear for the hearing.

1  As stated at the May 17, 2011 hearing, the Court takes no position on whether an allegation of a valid and viable tender of payment of the debt is required before Plaintiff may state viable claims based on Defendants' actions under the circumstances of this case where there are no allegations that Plaintiff's home has been sold at a foreclosure sale.  See Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").  However, the Court concludes that Plaintiff has failed to remedy the deficiencies in her complaint that were set forth in the Court's March 1, 2011 Order, and that therefore, her amended complaint fails to state any claims upon which relief can be granted.  Thus, for the reasons stated at the hearings in this matter and in the Court's March 1, 2011 Order, the Court grants Defendants' motion to dismiss.  Because the Court has previously given Plaintiff leave to amend her complaint, and because Plaintiff neither filed an opposition to the motion to dismiss nor appeared at the May 17, 2011 hearing, the Court declines to give Plaintiff leave to amend.

**IT IS SO ORDERED.**

Dated: May 18, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge